UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES RANDALL | : | |
| | : | |
| v. | : | C.A. No. 12-489ML |
| | : | |
| STATE OF RHODE ISLAND | : | |
| SUPERIOR COURT, et al. | : | |

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL**

Lincoln D. Almond, United States Magistrate Judge

On July 3, 2012, Charles Randall filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Document No. 1).[1] The Petition was referred to me for review. Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254, this Court is required to examine a Petition, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition...." For the reasons discussed below, I recommend that Randall's Petition for Writ of Habeas Corpus (Document No. 1) be DISMISSED because he has failed to exhaust his state remedies.

**Facts**

In his Petition, Randall makes several disjointed and conclusory allegations including denial of discovery, illegal indictment, denial of adequate defense counsel, prosecutorial vindictiveness, witness tampering and denial of other various constitutional protections. The

---

[1] Randall filed an earlier Petition in 2010 that was dismissed as unexhausted. See Randall v. Wall, Case No. 1:10-cv-00052-ML (D.R.I. Feb. 5, 2010).

following background can reasonably be gleaned from Randall's submissions and the Supreme Court's decision in State v. Randall, 37 A.3d 111 (R.I. 2011).

Randall has prior state convictions for second-degree sexual assault and breaking and entering. After serving jail time on those convictions, Randall was placed on probation and was subject to a period of suspended sentence in both cases. In April 2008, Randall was presented as a probation violator in State Superior Court. After refusing to accept court-appointed counsel, Randall represented himself during a violation hearing before a Superior Court Magistrate and was declared to be a violator on December 4, 2008. He was sentenced to concurrently serve the remaining seven years suspended on the second-degree sexual assault conviction and the eight years suspended on the breaking and entering conviction. On January 16, 2009, Randall appealed to the Rhode Island Supreme Court. On December 2, 2011, the Supreme Court held that the record did not sufficiently establish that Randall knowingly and intelligently waived his right to counsel before the Magistrate and vacated the violation finding. State v. Randall, 37 A.3d 111, 114 (R.I. 2011). The Supreme Court did not address Randall's alternative argument regarding the sufficiency of the evidence and recommended the case to Superior Court. Id. On April 25, 2012, a Superior Court Magistrate on remand again found Randall to have violated his probation and imposed sentence. In his Petition, Randall does not indicate that he appealed the April 25, 2012 violation finding to the Rhode Island Supreme Court and seems to take the position that his state remedies were exhausted on December 2, 2011 when the Supreme Court issued its decision vacating his violation conviction and remanding the case to the Superior Court.

**Standard of Review**

This Court is recommending that Randall's Petition be dismissed *sua sponte* pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. In making this recommendation, this Court has taken all of the allegations in Randall's Petition as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Petitioner's allegations and legal claims since they have been put forth by a *pro se* litigant. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review, Randall's Petition fails to demonstrate any plausible entitlement to habeas relief.

**Discussion**

Randall's claims fail to survive Rule 4 scrutiny because he has failed to exhaust his available state remedies as to his underlying state conviction. After he was found to be a probation violator on April 25, 2012 by a Superior Court Magistrate on remand, Randall had the right to again appeal to the Supreme Court, and it does not reasonably appear from Randall's submissions or the Rhode Island Adult Criminal Information Database that he has done so.

With the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2254, Congress restricted the power of federal courts to grant habeas relief to prisoners. See 28 U.S.C. § 2254. As a prerequisite to filing a habeas claim in federal court, a state court prisoner must have exhausted all available state court remedies with respect to each claim raised in the federal petition. See 28 U.S.C. § 2254(b)(1)(A) ("an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court

shall not be granted unless it appears the applicant has exhausted the remedies available in the Courts of the State...."). Because Randall did not appeal his current probation violation conviction and sentence to the Rhode Island Supreme Court, he has not exhausted his available state court remedies.

**Conclusion**

For the reasons stated, I recommend that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Document No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE because it is unexhausted.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 16, 2012